IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DERRELL ANTONIO LAWRENCE, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sergeant DARRIN RUCKER, Captain MIKE SEYMOUR, and Chief MARK WELSH, | : | NO. 3:12-CV-59-CDL-CHW |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **DERRELL ANTONIO LAWRENCE**, an inmate at Wilcox State Prison ("WSP"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's prior Order (Doc. 8), Plaintiff has submitted a supplement to his complaint (Doc. 9).

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff names as Defendants Sergeant Darrin Rucker, Captain Mike Seymour, and Chief Mark Welsh, all officers of the Elberton City Police Department. Plaintiff appears to allege claims of false arrest and malicious prosecution arising out of a November 28, 2007, armed robbery of an Elberton convenience store. On that date, Defendants arrested Plaintiff on a parole warrant for family violence. Plaintiff further alleges that in early January 2008, the Defendants "served and booked" Plaintiff for the November 2007 armed robbery. According to Plaintiff, the January 2008 charges were based on the statements of a cocaine trafficker, who told police that Plaintiff is capable of robbing the store.

A parole revocation hearing was held on February 13, 2008. According to Plaintiff, Sergeant Rucker stated at the hearing that he was "not sure of [Plaintiff's] involvement" in the convenience store robbery. The "parole judge" allegedly found Plaintiff "not guilty of . . . armed robbery," yet "left Plaintiff incarcerated" because of the "seriousness of the offense."[1]

Plaintiff states that he was acquitted of the armed robbery charge on March 24, 2010. His complaint is dated March 21, 2012, and was filed in the Northern District of Georgia on March 27, 2012.[2]

---

[1] Although Plaintiff references his family violence conviction in connection with the parole revocation hearing, he does not appear to raise any claim relating to it. In any event, the two-year statute of limitations would bar any such claim. Although Plaintiff states in his supplement that he completed his sentence for the family violence conviction in "late Aug. 2010," in his original complaint Plaintiff states that the date was August 15, 2009, which date is confirmed by the Georgia Department of Corrections' website.

[2] At this juncture, the Court will assume that Plaintiff submitted his complaint to prison authorities for mailing on March 21, 2012, and that the complaint was thus effectively filed on that date. *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (in cases where pro se prisoners file complaints, "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for

Plaintiff complains that, while he was in prison, he lost his wife, cars, and house, and that his name was slandered in the news. He seeks $50,000 in damages from each Defendant.

## III. DISCUSSION

The length of the statute of limitations for filing a section 1983 claim is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year statute for personal injury claims codified at O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under section 1983, federal law determines the date the claim accrues, which is when the statutory period begins to run. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).

A claim seeking damages for false imprisonment accrues when the victim becomes held pursuant to legal process or, if earlier, when the victim is released. *Wallace v. Kato*, 549 U.S. 384, 389-91 (2007). Any claim arising out of confinement beyond institution of legal process is a claim for malicious prosecution. *Id.* at 392. A claim for malicious prosecution accrues when the prosecution terminates in the criminal defendant's favor. *Burgest v. McAfee*, 2008 WL 344485 (11th Cir. Feb. 8, 2008); *Whiting v. Traylor*, 85 F.3d 581, 585-86 (11th Cir. 1996).

To the extent Plaintiff asserts that he was falsely arrested on the armed robbery charge, his claim is barred by the two-year statute of limitations. Plaintiff received legal process at the latest on February 13, 2008, when he appeared at his parole revocation hearing. His complaint is dated March 21, 2012, more than two years after such hearing February 13, 2008. Accordingly, it is

---

district court for the purpose of ascertaining timeliness.").

4

**RECOMMENDED** that Plaintiff's false arrest claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

Plaintiff also appears to claim that the Defendants subjected him to malicious prosecution. Based on Plaintiff's allegations, the statute of limitations for this claim began to run on March 24, 2010, when the armed robbery prosecution terminated in Plaintiff's favor, and his complaint appears to have been filed within two years thereafter.

Although it is unclear that Plaintiff has adequately alleged the elements of a malicious prosecution claim, construing the complaint liberally in favor of Plaintiff, the Court concludes that Plaintiff has pleaded sufficient facts to withstand the frivolity review. Accordingly, Plaintiff's malicious prosecution claim against the Defendants will be allowed to proceed. In light of the foregoing, it is hereby **ORDERED** that service be made on Sergeant Darrin Rucker, Captain Mike Seymour, and Chief Mark Welsh, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise

the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall

not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS**

under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**SO ORDERED and RECOMMENDED**, this 23rd day of July, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge