IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **DERRELL ANTONIO LAWRENCE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 3:12-CV-59 (CDL) |
| | : | |
| **DARRIN RUCKER,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Darrin Rucker, Mike Seymour, and Mark Welsh. Doc. 22. Because Defendants have failed to show that Plaintiff Derrell Antonio Lawrence had available administrative remedies to exhaust his malicious prosecution claim and because Plaintiff has stated a colorable malicious prosecution claim under 42 U.S.C. § 1983, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED**.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff's claims arise from his arrest and subsequent prosecution for allegedly robbing a convenience store in Elbert County, Georgia. According to Plaintiff's Complaint, the convenience store was robbed on November 28, 2007 by men in ski masks. Complaint, Doc. 1. Plaintiff contends that he became a suspect in the robbery case based on a known drug dealer's comments to Defendant Sgt. Darrin Rucker that "rumor on the street [was] that Derrell Lawrence is capable of pulling off a good robbery like that." Id. Upon investigating Plaintiff's possible involvement, Defendant Rucker learned that there was an outstanding parole warrant for Plaintiff regarding a family violence charge. Id. Defendants then arrested Plaintiff based on the parole

1

warrant. Id. In early 2008, while Plaintiff was incarcerated for the parole warrant, Plaintiff was transported back to Elbert County and charged with armed robbery. Id.

On February 13, 2008, Plaintiff appeared for a hearing regarding his parole revocation. Id. Plaintiff contends that his parole was not revoked because there was insufficient evidence presented at the hearing to support the family violence and armed robbery charge. Id. Although Plaintiff's parole was not revoked at the hearing, Plaintiff remained in custody based on the seriousness of the armed robbery charge. Id. Plaintiff alleges that he was acquitted of the armed robbery charge on March 24, 2010, following a jury trial. Id.; Doc. 9. Plaintiff was subsequently rearrested on December 19, 2011, for violating his probation. Doc. 9. Plaintiff's probation violation is unrelated to the allegations in his Complaint.

On March 21, 2012, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 while incarcerated in the Wilcox State Prison. Doc. 1. Plaintiff's Complaint appears to allege claims of malicious prosecution and false arrest against Defendants based on the armed robbery charge, of which he was allegedly acquitted. Id. Following a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Court concluded that Plaintiff's false arrest claims were precluded by the statute of limitations. Doc. 10. Plaintiff's claims against Defendants for malicious prosecution, however, were allowed to proceed. Id. On September 24, 2012, Defendants filed the instant Motion to Dismiss. Doc. 22.

## DISCUSSION

In their Motion to Dismiss, Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit and that Plaintiff's Complaint fails to allege sufficient facts to state a claim. Because Defendants have failed to show that Plaintiff had available administrative remedies to exhaust his malicious prosecution claim and because

Plaintiff has stated a colorable claim for malicious prosecution, it is recommended that Plaintiff's malicious prosecution claim against Defendants be allowed to proceed.

### Exhaustion of Administrative Remedies

It is undisputed that Plaintiff did not file a grievance at Wilcox State Prison prior to filing his Complaint. Defendants have failed to present evidence, however, showing that Plaintiff had administrative remedies available to exhaust. Moreover, because Plaintiff's malicious prosecution claim is unrelated to his confinement, it is unclear that Plaintiff was required to exhaust his administrative remedies regarding the claim.

The Prison Litigation Reform Act (PLRA) requires an incarcerated plaintiff to exhaust all available administrative remedies before bringing an action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Specifically, the PLRA directs that "[n]o action shall be brought with respect to prison conditions under section 1983 or this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. Id. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). Claims that are not properly exhausted must be dismissed. Harper, 179 F.3d 1311, 1312.

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. at 1082. If they conflict,

3

the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the compliant is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

Liberally construing Plaintiff's Complaint, Plaintiff appears to contend that he did not have administrative remedies available at Wilcox State Prison to grieve the incidents that occurred while he was incarcerated at the Elbert County Jail two years prior. Although Plaintiff acknowledges that there was a grievance procedure at Wilcox State Prison, there is nothing in the record to show what the grievance procedure entails. Defendants have failed to present evidence of the grievance procedure or affidavits of prison officials describing the available grievance procedure at Wilcox State Prison. Accordingly, Defendants have failed to meet their burden to prove that Plaintiff had administrative remedies available to exhaust his malicious prosecution claim.

Moreover, it is unclear that Plaintiff was indeed required to exhaust his administrative remedies regarding his malicious prosecution claim. As discussed above, the PLRA's exhaustion requirement applies to inmate lawsuits about prison life, including conditions of confinement, excessive force, medical care, and access to courts, among other claims. Defendants have submitted no evidence to show that a state prison facility offered inmates administrative remedies to address claims against local law enforcement officers for matters unrelated to their confinement.

Failure to State a Claim

Defendants contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendants claim that Plaintiff's allegations merely amount to legal conclusions and that Plaintiff fails to plead sufficient facts to state a claim for relief pursuant to Ashcroft v. Iqbal, 556 U.S. 662 (2009). Review of the Complaint indicates, however, that Plaintiff has pleaded sufficient facts to state a malicious prosecution claim.

To state a malicious prosecution claim pursuant to 28 U.S.C. § 1983, a plaintiff must allege (1) the elements of a common law tort of malicious prosecution, and (2) a violation of the right to be free from unreasonable seizures. Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004). Pursuant to Georgia law, the elements of a malicious prosecution claim are "(1) [a] prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation, or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff." Wal-Mart Stores, Inc., v. Blackford, 265 Ga. 612, 613 (1994); O.C.G.A. § 51-7-40. Malice may be inferred by total lack of probable cause. Marshall v. Browning, 310 Ga. App. 64, 67 (2011).

In his Complaint, Plaintiff alleges that he was arrested and prosecuted for armed robbery based solely on a known drug dealer's allegations that "rumor on the street [was] that [Plaintiff] is capable of pulling off a good robbery like that." Doc. 1. As alleged by Plaintiff, there was arguably a total lack of probable cause for Plaintiff's arrest. Plaintiff further alleges that he was acquitted of the armed robbery charge and that he suffered as a result of his wrongful prosecution. Based on these allegations, Plaintiff has alleged sufficient facts to state a malicious prosecution claim. Consequently, at this stage of the proceedings, the Court cannot conclude that Plaintiff has failed to sufficiently state a malicious prosecution claim under 42 U.S.C. § 1983.

CONCLUSION

Because Defendants have failed to show that Plaintiff had available administrative remedies to exhaust his malicious prosecution claim and because Plaintiff has stated a colorable malicious prosecution claim under 42 U.S.C. § 1983, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 18th day of June, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge